IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANDY ANDERSON, et al.,

      Plaintiffs,                                No. CIV 10-128 KJM

      vs.

SELECT COMFORT RETAIL CORP.,

      Defendant.                               <u>ORDER</u>

_____/

         Defendant's motion to dismiss came on regularly for hearing June 23, 2010. R. Parker White appeared for plaintiffs. Heidi Fisher, Greg Johnson and Jennifer McCune appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

         In this action, plaintiffs allege claims for strict products liability, negligence and loss of consortium arising out of plaintiffs' use of a bed manufactured by defendant. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to

/////

/////

/////

1

1  dismiss, a plaintiff needs to plead

> enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely 'consistent with' defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Under California law, a manufacturer is liable only when a defect in its product was a legal cause of injury. See Soule v. General Motors Corp., 8 Cal. 4th 548, 572 (1994). The defect must be a substantial factor in producing the injury. Id. An alleged defect, which plays only a "theoretical" part in bringing about the injury, is not a substantial factor. Bockrath v. Aldrich Chemical Co., 21 Cal. 4th 71, 79 (1999).

Other than conclusory allegations that recite no more than the elements of plaintiffs' prima facie case, the entirety of the factual allegations is found in paragraphs 10, 11 and 12 of the amended complaint. The court finds these allegations insufficient under the standards set forth above. There is no identification or description in the amended complaint of the alleged defect. See, e.g., Altman v. HO Sports Comp., Inc., 2009 WL 4163512 at *8 (E. D. Cal. 2009) (motion to dismiss granted where any identification of what aspect made the product defective was conspicuously absent from complaint). Nor are there any allegations of how the alleged defect caused the medical complaints plaintiff Kandy Anderson is currently suffering. The complaint alleges the bed was only a "potential" cause, which stops short of the plausibilty line. See Combs v. Stryker Corp., 2009 WL 4929110 at *3 (E. D. Cal. 2009) (complaint dismissed where plaintiffs merely speculated that defendants could be liable). Moreover, there is no indication as to when plaintiff began experiencing symptoms. The amended complaint alleges plaintiffs purchased the bed in 2001, and also suggests plaintiff suffered no medical

problems until years later; there are no factual allegations to support any causal connection, taking account of the passage of a significant period of time.

The allegations pertaining to the statute of limitations also are devoid of sufficient factual content. California law includes a discovery rule that delays the accrual of a cause of action until a plaintiff either became aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence. Jolly v. Eli Lilly & Co., 44 Cal.3d 1103 (1988). Plaintiff, however, must specifically plead facts to show the time and manner of discovery and the inability to have made an earlier discovery despite reasonable diligence. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 808 (2005). Plaintiffs' conclusory allegations fail to state when and how each plaintiff discovered his or her alleged injuries were caused by defendant's products and as noted, only allege the subject bed was a "potential" cause. The amended complaint also fails to provide any facts to support an assertion as to why each plaintiff could not have discovered this information earlier. Accordingly, plaintiffs have not pled facts sufficient to invoke the discovery rule so as to delay the accrual of their individual causes of action, as required under California law.

The court will grant the motion to dismiss. However, upon review of the entire record, including the prior pleadings in this action, it is not unimaginable that plaintiffs may be able to allege a sufficient factual basis upon which to base their claims for relief. The court therefore will grant leave to amend.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss (docket no. 25) is granted with leave to amend within thirty days.

DATED: June 28, 2010.

_____
U.S. MAGISTRATE JUDGE

006 anderson.oah