IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KANDY ANDERSON, et al.,

      Plaintiffs,                                  No. CIV 10-128 KJM

   vs.

SELECT COMFORT RETAIL CORP.,

      Defendant.                                <u>ORDER</u>

_____/

        Defendant's motion to dismiss came on regularly for hearing November 10, 2010. Karen Sarkissian appeared for plaintiffs. Heidi Fisher and Greg Johnson appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiffs Kandy and Douglas Anderson allege claims for strict products liability, negligence and loss of consortium arising out of plaintiffs' use of a bed manufactured by defendant. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement,

1

but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely 'consistent with' defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Under California law, a manufacturer is liable only when a defect in its product was a legal cause of injury.  See Soule v. General Motors Corp., 8 Cal. 4th 548, 572 (1994).  The defect must be a substantial factor in producing the injury.  Id.  An alleged defect that plays only a "negligible" or "theoretical" part in bringing about the injury is not a substantial factor.  Bockrath v. Aldrich Chemical Co., 21 Cal. 4th 71, 79 (1999).  California law also includes a discovery rule that delays the accrual of a cause of action until a plaintiff either became aware of the injury and its cause or could have discovered the injury and cause through reasonable diligence.  Jolly v. Eli Lilly & Co., 44 Cal.3d 1103 (1988) (articulating "suspicion" or "on inquiry" standard).

The court finds the allegations of the second amended complaint sufficient under the standards set forth above.  The second amended complaint adequately pleads causation of harm from a defect as well as delayed discovery.  The second amended complaint alleges plaintiff Kandy Anderson tried to flip her mattress in 2008 and discovered mold inside the bed at that time, that the design of the bed caused the mold to grow and accumulate inside the mattress, that the amount of mold was 140 times an acceptable level, and that exposure to the mold proximately caused plaintiff's injuries.  Plaintiffs further allege plaintiff Kandy Anderson suffered severe physical ailments and that plaintiff Kandy Anderson did not experience these symptoms until initial and then continuing exposure to the mold, including through direct contact with the bed and by breathing the mold spores.  Plaintiffs have adequately pled defect in that they allege that faulty design, manufacture and assembly of the bed allowed mold to accumulate. Plaintiffs have adequately pled causation in that they allege exposure to the mold caused plaintiff

1  Kandy Anderson's physical ailments, which began only after exposure to the mold.  Plaintiffs
2  have adequately pled delayed discovery in that they allege they did not discover the mold
3  growing in the bed until trying to flip the mattress in 2008 and that prior to that time plaintiffs
4  had no reason to suspect plaintiff Kandy Anderson's physical ailments were caused by mold
5  accumulating in the bed.  Mr. Anderson's loss of consortium claim is derivative of his plaintiff
6  wife's claim and the allegations of vomiting, boils/ulcers, seizures and fever are sufficient to
7  support an inference that conjugal relationships were seriously impaired.  At the pleading stage,
8  plaintiffs have alleged sufficient facts from which an inference could be drawn that defendant is
9  liable for the harm plaintiffs have suffered.

10         Accordingly, IT IS HEREBY ORDERED that:
11             1. Defendant's motion to dismiss (docket no. 41) is denied.
12             2. This matter is set for status conference on January 19, 2011 at 10:00 a.m. in
13  courtroom no. 26.  No later than January 12, 2011, the parties shall file a joint status report
14  addressing the following matters:
15                 a. Service of process;
16                 b. Possible joinder of additional parties;
17                 c. Any expected or desired amendment of the pleadings;
18                 d. Jurisdiction and venue;
19                 e. Anticipated motions and the scheduling thereof;
20                 f.  The proposed discovery plan developed pursuant to Federal Rule of
21  Civil Procedure 26(f);
22                 g. The potential for settlement and specific recommendations regarding
23  settlement procedures and timing, including whether a settlement conference should be
24  scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution
25  Program (see Local Rule 16-271) is appropriate in this case;
26  /////

1       h.  Future proceedings, including setting appropriate cutoff dates for
2 discovery and law and motion and the scheduling of a pretrial conference and trial;
3       i.  Modification of standard pretrial procedures specified by the rules due
4 to the relative simplicity or complexity of the action or proceedings;
5       j.  Whether the case is related to any other case, including matters in
6 bankruptcy;
7       k.  Whether the counsel will stipulate to the magistrate judge assigned to
8 this matter acting as settlement judge and waiving any disqualifications by virtue of her so
9 acting, or whether they prefer to have a Settlement Conference before another judge;
10       l.  Any other matters that may add to the just and expeditious disposition
11 of this matter.
12 DATED:  November 17, 2010.

_____
U.S. MAGISTRATE JUDGE

006
anderson2.oah

4